UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID A. COTTRELL, | ) | CASE NO. 4:08 CV 1299 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TAMMI R. JONES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff David A. Cottrell filed this in forma pauperis action under 42 U.S.C. § 1983 against Assistant Columbiana County Prosecutor Tammi R. Jones and Administrative Judge Robert Budinsky. In the complaint, plaintiff alleges that he was denied due process when he was prosecuted on charges of intimidation. He seeks $ 2,500,000.00 in damages.

**Background**

Mr. Cottrell was charged in the Columbiana County Court of Common Pleas with one count of arson, one count of carry a concealed weapon, and one count of receiving stolen property. That case, no. 2004 CR 0001, was assigned to Judge C. Ashley Pike. Mr. Cottrell waived his right to a jury trial and on July 14, 2004, Judge Pike found Mr. Cottrell "guilty" of arson, and "not guilty" on the other charges. He was sentenced on September 3, 2004.

Shortly thereafter, on August 26, 2004, a secret indictment was filed in the

Columbiana County Court of Common Pleas charging Mr. Cottrell with intimidating two Common Pleas Court judges, one of whom was Judge Pike, and a deputy sheriff. That case, no. 2004 CR 226, was assigned to a visiting judge. On June 15, 2006, Mr. Cottrell pled guilty to the charges and was sentenced to two years incarceration. That sentence was to run concurrent with the sentence he received in Case No. 2004 CR 001.

Mr. Cottrell then filed a grievance against Judge Pike with the Ohio Bar Association in 2006. On June 27, 2006, Judge Pike responded to a request for information received from the Bar Association. In his reply, Judge Pike denied initiating the intimidation charges or participating in the proceedings in any way. He claimed, "I made no appearances in that action, never felt intimidated by Defendant Cottrell and was advised by the Administrative Judge who conferred with the prosecuting attorney that they had separate sufficient evidence of his intimidation." (Compl. Ex. A.)

Mr. Cottrell now brings this action against Administrative Judge Robert Budzinsky and the prosecuting attorney who represented the state in the intimidation case. He claims the defendants "filed false and fraudulent criminal charges against the plaintiff." (Compl. at 6.) He indicates that this is a denial of due process.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Cottrell raises a claim which, if found to have merit, would call into question the validity of his conviction on charges of intimidation. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. Mr. Cottrell pled guilty to the charges and his conviction has not been overturned on appeal or declared invalid by a writ of habeas corpus. His claim therefore must be dismissed.

Moreover, even if they would not affect the validity of his incarceration, his claims would still be dismissed. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in 2004, well beyond the expiration of the two-year

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        S/Peter C. Economus - 10/2/08
        PETER C. ECONOMUS
        UNITED STATES DISTRICT JUDGE